**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

DWIGHT C. HOPSON                                                         PLAINTIFF
ADC #148462

1:12-cv-00046-DPM-JJV

PRESTON GLENN, Sheriff,
Pike County ; *et al*.                                                    DEFENDANTS

<u>**ORDER**</u>

Plaintiff, Dwight Hopson, a state inmate proceeding *pro se*, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983 (Doc. No. 2).

**I.     SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  But regardless whether a plaintiff is

1

represented or appearing *pro se*, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 556-7.

## II.    ANALYSIS

In his Complaint, Plaintiff claims Defendants acted with deliberate indifference to his health and safety and required him to work beyond his capabilities. He names four individuals as Defendants in the style of his Complaint, but he also refers to several other individuals in the body of his Complaint (Page, Guy, Gana, Ramsey, Cowell, Burst, Hobbs, Hutchinson) (Doc. No. 2 at 15). While he includes specific allegations against Defendants Glenn and Nance, he does not include specific allegations against Defendants Kelly and Maples, or against some of the named individuals. It is unclear to the Court whether Plaintiff intends these other individuals to be listed as Defendants, and what his allegations are against them.

Therefore, if Plaintiff chooses, he may clarify these issues within thirty days of the date of this Order by submitting a superseding Amended Complaint which contains all of his claims against all Defendants he is suing in a single document. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended

Complaint will be allowed to proceed.  Therefore, Plaintiff's Amended Complaint should include: **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and (4) how Plaintiff was harmed.  Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**  If Plaintiff wishes to name additional Defendants concerning the allegations set forth, Plaintiff shall set forth specific facts concerning their involvement as well.

## III.   PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires.  However, all parties, including *pro se* litigants, must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).  Accordingly, the Court will only consider claims properly pled in a Complaint or in a superseding Amended Complaint.  Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure..

## IV.   LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court.  Of particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

## V.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      The Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend his original Complaint, he may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file within thirty days of the date of this Order.

2.      Portions of Plaintiff's Complaint, as it now stands, are deficient and may be dismissed after thirty days of the date of this Order.

3.      Service is not appropriate at this time.

IT IS SO ORDERED this 15th day of June, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE