**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DWIGHT C. HOPSON                                                                                    PLAINTIFF

1:12CV00046-DPM-JJV

PRESTON GLENN, Sheriff,
Pike County; *et al*.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Before the Court are three Motions for Summary Judgment filed by the Defendants (Doc. Nos. 35, 38, 42). On May 29, 2013, the Court gave Plaintiff additional time to file a response if he desired, and notified him that failure to respond would result in "(a) all of the facts in Defendants' summary judgment pleadings being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action without prejudice pursuant to Local Rule 5.5(c)(2)." (Doc. No. 45) Plaintiff has not responded.

Mr. Hopson filed this *pro se* action pursuant to 42 U.S.C. § 1983, while at the Grimes Unit of the Arkansas Department of Correction (ADC) (Doc. No. 2).[1] He alleges that while in a holding facility in Pike County, the water he drank and used for showering contained black sludge which caused sores and blood clots in his legs. (Doc. No. 6 at 5, 6, 9, 11.)[2] He further alleges that in December 2010 after transfer to the Grimes Unit, Defendants Page and Ramsey failed to assign him to a job within his physical limitations. (*Id*. at 7, 9, 10-11.) He also claims Defendants Nance and

---

[1] He was released from ADC on July 16, 2012 (Doc. No. 13).

[2] According to Plaintiff's booking sheet, he was at the Pike County Detention Center from September 10, 2010, until December 6, 2010. (Doc. No. 43-1.)

Hutchinson acted with deliberate indifference in treating Plaintiff's leg conditions.  (*Id*. at 8, 11.)

## II.   SUMMARY JUDGMENT MOTION

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  *Id*.

Since Plaintiff did not file a Response to Defendants' Motions, the Court finds that the facts as set forth by Defendants in their Motions are deemed admitted, that there is no dispute of material fact, and that Defendants are entitled to judgment as a matter of law.

### A.   Official Capacity Claims

Defendants correctly assert that Plaintiff's monetary claims against them in their official capacities are barred by sovereign immunity.  *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65-66 (1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).  Therefore, Plaintiff's official capacity claims are dismissed.

B.     **Exhaustion of Administrative Remedies**

Defendants Page, Ramsay, Nance, and Hutchinson seek dismissal because Plaintiff failed to fully exhaust his administrative remedies before filing this cause of action. (Doc. Nos. 35, 38). According to the Prison Litigation Reform Act (PLRA),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.

In *Booth v. Churner,* 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, United States Court of Appeals for the Eighth Circuit stated, "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000)).

The Eighth Circuit also stated that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion."

*Jones v. Bock,* 549 U.S. 199, 218 (2007).

1. Defendants Page and Ramsey

The ADC grievance procedure directs inmates to specify the date, place, and personnel involved in both the Informal and Formal Resolutions (grievances), and to fully exhaust their administrative remedies prior to filing a § 1983 lawsuit. (Doc. No. 38-4 at 5, 18.) According to Barbara Williams, ADC Inmate Grievance Supervisor, Plaintiff filed eight grievances between February 6, 2012, and May 7, 2012 (Doc. No. 38-1 at 1.) Of those eight, only one was fully exhausted, and it did not involve allegations against Defendants Page or Ramsey, or concern Plaintiff's work assignment. (*Id*. at 1-2.) Therefore, absent any evidence to the contrary, the Court finds that Plaintiff failed to exhaust his administrative remedies against Defendants Page and Ramsey.

2. Defendants Nance and Hutchinson

Sherrie Williams, an ADC Medical Grievance Investigator, states that Plaintiff did not file, appeal, exhaust, or complete the grievance process for any medical grievance prior to May 22, 2012 – the date he filed his Complaint. (Doc. No. 37-1 at 1-2.) Again, absent any evidence to the contrary, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit against Defendants Nance and Hutchinson.

**C.    Respondeat Superior**

Supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. *See White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes

deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). *See also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")

After careful review of Plaintiff's allegations against Defendant Glenn, the Court concludes they are based on his supervisory position as Sheriff, and not based on any personal involvement or participation. Plaintiff names Defendant Glenn two times in his Amended Complaint. First, he states Glenn "did not give me the proper medical attention. . . were (sic) there is an issue with the water, it has black smudge in the water system pipeline . . ." (Doc. No. 6 at 5.) Second, Plaintiff states he "tried to get Preston Glenn to change the pipes, but he refused." (*Id*. at 6.) In his answer to an interrogatory, Plaintiff does mention two conversations with Sheriff Glenn about the tar-like substance in the shower, and that Glenn never checked out the pipeline or looked into the problem. (Doc. No. 43-3.)

But according Jail Administrator Sarah Haney, all employees and inmates use the water in Pike County Detention Center, and she never received complaints from anyone about a black sludge or other substance in the water, and never received a grievance from Plaintiff about the water. (Doc. No. 43-4 at 1-2.) Finally, Plaintiff submitted one health services request about blood clots and swelling in his right leg on November 15, 2010, and was seen by a jail doctor on November 22, 2010. (*Id*.)

Absent more specific allegations or evidence of knowledge or participation by the Pike County Sheriff, the Court concludes that Plaintiff's allegations against Defendant Glenn should be

6

dismissed. Plaintiff fails to state a claim against Defendant Glenn upon which relief may be granted.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendants' Motions for Summary Judgment (Doc. Nos. 35, 38, 42) should be GRANTED.

2.   Plaintiff's allegations against Defendants Hutchinson, Nance, Page, and Ramsey be DISMISSED without prejudice, for failure to exhaust his administrative remedies.

3.   Plaintiff's allegations against Defendant Glenn be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 1st day of July, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE